INDEPENDENT AETNA SPRINKLER CORPORATION, A CORPORATION, PLAINTIFF-RESPONDENT, v. SIDNEY KENT MORRIS, DEFENDANT-APPELLANT.

Argued May 24, 1933—Decided October 16, 1933.

For the appellant, *Hershenstein, O'Brien & Tartalsky* (*Samuel Tartalsky,* of counsel).

For the respondent, *Colie & Colie* (*Frederic R. Colie,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The instant case presents an appeal from a judgment recovered by the plaintiff in an action in replevin, which was tried at the Hudson County Circuit. The suit was to recover a sprinkler system and fire extinguishing apparatus, installed in a brick building in Jersey City, now owned by the defendant. The equipment was not purchased by the defendant, the present owner, but was installed by the plaintiff for the D. & A. Construction Corporation under a conditional sales agreement.

The D. & A. Construction Corporation was a contracting company which erected the building for defendant's lessee, Frantella Realty Corporation. The contract price of the equipment in question was $4,500 and there remained a balance due to the plaintiff for furnishing and installing this equipment in the sum of $1,401.75.

The plaintiff did not proffer a bond to obtain immediate possession; the complaint merely demanded possession of the sprinkler system and fire extinguishing apparatus or a judgment for the sum of the unpaid balance. The court below, having tried the case without a jury, made this finding, "the statements in paragraphs 1 to 9 inclusive of the complaint are supported by the evidence. The court finds for

the plaintiff and against the defendant upon the allegations in the complaint and assesses the damages at the sum of $1,401.75."

The defendant appeals from this determination, urging that he was entitled to judgment because this equipment is so affixed to the realty that it cannot be removed without material injury to the freehold; that the plaintiff's reservation of ownership in this equipment is void under the Conditional Sales act as against him, defendant-appellant, because he did not assent thereto; and, that it was improper for the court to award a judgment for the sum of $1,401.75, which was the amount of the unpaid balance, on the contract between the plaintiff and the D. & A. Construction Corporation.

Our examination of this record convinces us that the court below did not pass upon the legal issue made by the pleadings in this case and, consequently, there must be a reversal. The court said, in his determination, that he found the allegations in the complaint supported by the evidence. Now the complaint merely alleged that a contract had been entered into between the plaintiff and the D. & A. Construction Corporation for the installation of the sprinkler system and fire apparatus at an agreed price; that the plaintiff retained the ownership of the goods until the same had been paid for in full, reserving the right of repossession; that $1,401.75 remained unpaid; that the plaintiff made demand for the return of the system and the defendant refused to deliver it. Then there was a demand for judgment. The answer, however, sets up as a separate defense that the sprinkler system could not be separated from the freehold without material damage thereto and the plaintiff joined issue thereon in reply.

Now the building in question is three stories high with a basement; is occupied by stores on the first floor and offices above and is constructed of brick. The sprinkler system runs through the entire building. The building regulations of the municipality do not permit the erection of buildings of this type unless a sprinkler system and fire extinguishing apparatus be installed, or the structure be fireproof, which this

building was not. If the equipment were removed, obviously, that would cause damage. Whether that damage would be a material injury to the freehold or not is a question that this court cannot decide. That was the issue in the court below which was not determined. *Vogel* v. *295 Halsey Street Co.,* 109 *N. J. L.* 83.

It is conceded that the defendant in this case had not assented to the reservation of title by the plaintiff. Therefore, the provisions of the Conditional Sales act of 1919 (2 *Comp. Stat.* 1911-1924, § 7; *Cum. Supp. Comp. Stat., p.* 3130, §§ 182-193), pleaded in the answer, were pertinent to the legal issue in this case and demanded a determination by the jury, or by the court below, a jury having been waived, as to whether or not the articles making up this equipment were "so affixed to realty at the time of a conditional sale or subsequently as to become a part thereof and not to be severable, wholly or in portion without material injury to the freehold, &c." If the fact-finding body (or the court in this case) had determined that the goods and chattels were not "severable wholly or in any portion without material injury to the freehold," then, in the language of section 7 of the Conditional Sales act, "the reservation of property as to any portion not so severable shall be void if the goods are so affixed, as against any person who has not expressly assented to the reservation." Thus, it follows that it was necessary to determine that issue.

It was likewise urged that it was error for the court to find a judgment for money damages in the sum of $1,401.75.

The defendant here was not a party to the contract in question. For aught that appears in the record, he was totally unaware of its existence.

The respondent, endeavoring to support the judgment, argues that the amount of damages was agreed upon. Our reading of the case does not confirm this statement. As we read it, it was admitted by the defendant in the court below that there was an unpaid balance of $1,401.75 on the contract between the plaintiff and the D. & A. Construction Corporation. This is a far cry from admitting that the amount to be charged against the defendant, if any, was that sum.

The sprinkler system and fire apparatus, as has been said, was installed by the plaintiff for the D. & A. Construction Corporation which erected the building for use and occupancy by the Frantella Realty Corporation. This latter company used and occupied the building for some time as lessee of the defendant below and then, because of lessee's default. the lease between it and the defendant owner was terminated and the defendant entered into possession of the premises. There was no privity whatever between the parties to this suit. Consequently, the judgment against the defendant for the unpaid balance, admittedly due on the contract between the plaintiff below and a third party contracting company, in nowise connected with the defendant below, cannot be justified.

In replevin actions where a plaintiff, by giving bond, obtains possession of the goods and chattels in question and, at the trial, prevails on the issues, he, of course, retains the chattels and is entitled to damages for the taking only, but where the goods and chattels have been turned back to the defendant by the filing of a redelivery bond, in accordance with the tenth section of the Replevin act (3 *Comp. Stat., p.* 4371), then the plaintiff, if he prevails at the trial, is entitled to have the *value* of the goods and chattels and damages for the taking and the detaining as well, which may be included in the verdict. *Boswell* v. *Green,* 25 *N. J. L.* 390, 394; *Fox* v. *Prickett,* 34 *Id.* 13; *Field* v. *Post,* 38 *Id.* 346; *Lindauer* v. *Teeter,* 41 *Id.* 255.

The sum of $1,401.75 cannot be said to be the plaintiff's damages for the retention of the equipment because no evidence was presented as to such damages; in fact the complaint alleges no claim whatever for damages for detention.

The judgment therefore will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.